IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CIVIL ACTION NO. 5:13-cv-14

| | |
|---|---|
| UTILIPATH, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>BAXTER HAYES, II and CONSULTANT AND MANAGEMENT SERVICES OF FLORIDA,<br><br>    Defendants. | **COMPLAINT** |

COMES NOW, Plaintiff Utilipath, LLC ("Utilipath"), complaining of Defendants Baxter Hayes, II ("Hayes") and Consultant and Management Services of Florida ("CMSF") (collectively "Defendants"), alleges as follows:

## PARTIES & JURISDICTION

1. Upon information and belief, Hayes is a citizen and resident of Florida.

2. Hayes is a minority shareholder and member/director of Utilipath.

3. Upon information and belief, CMSF is a Florida entity.

4. CMSF is a manager of Utilipath.

5. Upon information and belief, CMSF is wholly owned and controlled by Hayes.

6. Utilipath is a North Carolina limited liability corporation and maintains an office and place of business in Mooresville, North Carolina and does business in North Carolina.

7. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

1

8. This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

## FACTS

9. Utilipath realleges the preceding paragraphs of this Complaint and incorporates them by reference.

10. Utilipath is engaged in the business of laying cable and other networking conduit for companies with whom it contracts.

11. Utilipath is made up of two divisions: the enterprise and carrier services division ("ISP") and the outside plant division ("OSP").

12. The OSP division works on short-term, construction-oriented contracts some of which are bonded.

13. At all relevant times, the OSP division has been operated and managed by Hayes.

14. Defendants have mismanaged Utilipath funds, and Hayes has converted Utilipath funds for his personal use.

15. Defendants expensed the construction of Hayes's personal residence using Utilipath funds.

16. Defendants paid for Hayes's personal-use vehicles with Utilipath funds.

17. Defendants loaned Utilipath funds to third parties without board approval. Such loans were also not in the best interest of Utilipath.

18. Utilipath has received two offers to purchase the OSP division.

19. Utilipath marketed the OSP division to potential buyers. One aspect of the marketing was that Hayes would remain on and operate the OSP division. Hayes was aware of and agreed to this throughout the marketing phase.

20. Selling the OSP division is in the best interest of Utilipath and would benefit its shareholders.

21. Hayes engaged in discussions with Utilipath's other shareholders about buying out Hayes's shares in Utilipath.

22. Hayes, in an attempt to gain leverage and receive a better buyout price, threatened to quit operating the OSP division, knowing that the successful sale of the OSP division was dependent upon Hayes remaining on to operate the OSP division.

**FIRST CLAIM FOR RELIEF**
**(Breach of Fiduciary Duty)**

23. Utilipath realleges the preceding paragraphs of this Complaint and incorporates them by reference.

24. Hayes is a minority shareholder of Utilipath.

25. Hayes is a member/director of Utilipath.

26. CMSF is a manager of Utilipath.

27. As a shareholder and as a member/director of Utilipath, Hayes owed a fiduciary duty to Utilipath.

28. As a manager of Utilipath, CMSF owed a fiduciary duty to Utilipath.

29. Defendants breached and are breaching their fiduciary duties by mismanaging and converting Utilipath funds for Hayes's personal use by using Utilipath funds to expense the purchase of Hayes's home, purchase personal vehicles for Hayes, and by making unauthorized loans of Utilipath funds that were not in the best interest of Utilipath.

30. Hayes breached and is breaching his fiduciary duties by threatening the other Utilipath shareholders and attempting to leverage his threat to quit running the OSP division in order to extort more buyout money.

31. Defendants have failed to act in good faith, have failed to exercise due care, and have engaged and are engaging in self-dealing by mismanaging and converting Utilipath funds for Hayes's personal use and by making unauthorized loans of Utilipath funds that were not in the best interest of Utilipath.

32. Hayes has failed to act in good faith, has failed to exercise due care, and has engaged and is engaging in self-dealing by by threatening to quit and therefore impeding an opportunity that is in the best interest of Utilipath and would benefit all of its shareholders.

33. Defendants have not acted in a manner reasonably believed to be in the best interests of Utilipath.

34. These wrongful and self-dealing actions by Defendants are the proximate cause of injury to Utilipath who is losing out on corporate opportunities as a direct result of Defendants' threats and actions.

35. As a result, Utilipath is entitled to its attorney's fees and money damages.

## PRAYER FOR RELIEF

WHEREFORE, Utilipath prays as follows:

1. That it have and recover monetary damages in excess of $75,000;
2. That it have and recover attorneys' fees;
3. That the cost of this action be taxed against Defendants;
4. Trial by jury;
5. Such additional relief as it may be entitled to under the facts and the applicable law.

4

This the 24th day of January, 2013.

/s/ Robert A. Muckenfuss
Robert Muckenfuss, Esq.
N.C. State Bar No. 28218
MCGUIREWOODS LLP
201 N. Tryon Street
Charlotte, North Carolina 28202
(704) 343-2000
(704) 343-2300 (fax)
Email: rmuckenfuss@mcguirewoods.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and deposited a copy hereof, postage prepaid, in the United States Mail, addressed as follows:

Baxter Hayes, II
86007 Eastport Drive
Fernandina Beach, FL 32034

Consultant and Management Services of Florida
c/o Baxter Hayes, II
86007 Eastport Drive
Fernandina Beach, FL 32034


/s/ Robert A. Muckenfuss
Robert A. Muckenfuss